**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF KANSAS**
**KANSAS CITY DIVISION**

| | | | |
|---|---|---|---|
| In re: | THE ONE BRIDAL, LLC | ) | Case No. 23-20605-DLS11 |
| | Debtor and Debtor-in-Possession | ) | Chapter 11 (Voluntary), Subchapter V |

## APPLICATION FOR EMPLOYMENT OF ATTORNEYS FOR DEBTOR
## AND PRELIMINARY APPROVAL OF FEE ARRANGEMENT

**COMES NOW** The One Bridal, LLC, the Debtor and Debtor-in-possession herein (hereinafter the "Debtor") and, pursuant to 11 U.S.C. § 327 and F.R.B.P. Rules 2014, 2016 and 5002, submits this Application for Employment of the law firm W M Law and its members to represent the Debtor in its Subchapter V Chapter 11 bankruptcy proceedings. In support of this Application the Debtor represents the following:

1. On May 31, 2023, Debtor filed a voluntary Petition for Chapter 11 relief. Pursuant to 11 U.S.C, §§ 1107 and 1108, the Debtor remains as a Debtor-in-Possession.

2. The Debtor is an LLC with a principal place of business located at: 8801 Penrose Lane, Lenexa, KS 66219.

3. The Debtor requires the services of legal counsel to represent it during these proceedings and desires to employ Wagoner Bankruptcy Group, P.C. d.b.a. W M Law, as Debtor's counsel. The services to be provided include providing the customary services required in representing a Chapter 11 Debtor-in-Possession, which include: preparation of the bankruptcy forms and schedules, attendance at the initial debtor interview, § 341 meeting and other court hearings, preparation of the Subchapter V Chapter 11 plan, client conferences, filing monthly operating reports, phone calls, emails, dealing with creditors, and resolving confirmation issues.

4. Attorneys Ryan A. Blay, Jeffrey L. Wagoner, Errin P. Stowell, Ryan M. Graham and Chelsea Williamson and the other attorneys in the law firm of W M Law (hereinafter collectively referred to as "W M Law") are duly licensed and qualified attorneys who are, in the opinion of the Debtor, qualified to act as his counsel, and who have an office located at: 15095 West 116th Street, Olathe, Kansas 66062.

5. W M Law has experience in matters of this character and are well-qualified to act as attorneys for the Debtor. The Debtor has selected W M Law to be its counsel based of its expertise and knowledge of Bankruptcy procedures.

6. W M Law is not connected in any manner with the Debtor, other than as Debtor's counsel, or with creditors or any other party in interest in this matter except as follows:

WM Law was previously engaged to represent Russ Jones for a Chapter 7 bankruptcy filing. Russ Jones is the spouse of Ashley Jones, the sole member of the LLC. Mr. Jones is a co-debtor listed on a number of the Debtor's obligations. Mr. Jones never paid any fees to WM Law for filing a Chapter 7 bankruptcy petition. However, a bankruptcy petition was prepared. In order to ensure complete loyalty

to the Debtor, WM Law has disengaged its services with Mr. Jones and has sent him a letter via e-mail to that effect, which Mr. Jones has acknowledged. Because of this action and transparency, the firm and its members are disinterested parties as defined in 11 U.S.C. § 101(14), representing no interest adverse to the Debtor or the Debtor's estate on the matters upon which they are to be engaged and their employment would be in the best interest of the bankruptcy estate.

7.      W M Law has examined their client records and business records and have made a personal inquiry of the Debtor. They have determined that the attorneys and all the members of the firm do not hold or represent an interest adverse to the estate. As discussed above in Paragraph 6, WM Law no longer represents someone who may have an adverse interest to the Debtor (Mr. Jones).

8.      W M Law understands the continuing duty to disclose any adverse interest and change in disinterestedness.

9.      W M Law understands that the court's approval of the application is not approval of any proposed terms of compensation and that under 11 U.S.C. § 328(a), the court may allow compensation on terms different from those proposed.

10.      W M Law has agreed to act as attorneys for the Debtor at hourly fees commensurate with their experience and the nature and complexity of this Case. The current hourly rates for the primary attorneys and paralegals who it is anticipated will work on this Case are as follows:

| | |
|---|---|
| Attorney, Ryan A. Blay | $300.00 |
| Attorney, Jeffrey L. Wagoner | $300.00 |
| Attorney, Errin P. Stowell | $300.00 |
| Attorney, Ryan M. Graham | $300.00 |
| Attorney, Chelsea Williamson | $300.00 |
| Paralegal, Douglas Sisson | $125.00 |
| Paralegal, Ana Van Noy | $125.00 |
| Paralegal, Betsy Hayman | $125.00 |

W M Law will also require reimbursement for any reasonable and necessary out-of-pocket expenses related to and incurred during the pendency of this proceeding, which will be disclosed on future interim reports and fee applications, and subject to judicial approval of the same.

11.      For entry in this Case, the W M Law has received from a retainer in the amount of $7,000.00, from the Debtor. The source of funds used for the retainer and filing fee were the Debtor's own funds. W M Law has not received any compensation for this Case to date other than the amount stated in this paragraph. Compensation for services rendered during the present Chapter 11 Case will be made in accordance with this application. WM Law has earned a portion of those funds and used $1,738 of those funds to pay the Chapter 11 Filing Fee. The remaining balance is in trust, subject to court approval of fees.

12.      W M Law affirms that compensation for the services rendered in this proceeding shall be subject

to the approval of the Court upon application by the attorneys for the Debtor.

13. W M Law's post-Petition filing fees will not be paid unless: (a) Debtor has timely filed with the UST all required operating reports; (b) Debtor is current in payment of post-Petition taxes; and (c) Debtors is either current in payment of post-Petition creditors or has the financial capacity to make such payments.

14. Attorney, Jeffrey L. Wagoner, President of W M Law, on behalf of W M Law and the above-named attorneys has executed and attached an Affidavit of Disinterestedness attesting to the foregoing and in support of this Application.

**WHEREFORE**, the Debtor respectfully requests this Court's order approving the employment of Ryan A. Blay, Jeffrey L. Wagoner, and the other attorneys and staff in the firm of W M Law, on the basis set forth above and for such other further relief as the Court deems equitable and proper.

Dated: June 1, 2023

Respectfully submitted,
WM Law

s/ Ryan A. Blay
Ryan A. Blay, MO #KS001066; KS #28110
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
blay@wagonergroup.com
ATTORNEYS FOR DEBTOR

### NOTICE WITH OPPORTUNITY FOR NON-EVIDENTIARY HEARING ON APPLICATION FOR EMPLOYMENT OF ATTORNEYS FOR DEBTOR AND PRELIMINARY APPROVAL OF FEE ARRANGEMENT

**NOTICE IS HEREBY GIVEN** that if you fail to file a written objection to the above Application for Employment of Attorneys for Debtor, with the Clerk of the U.S. Bankruptcy Court at Kansas City, Kansas, on or before **6/22/2023,** the Court will enter an order prepared and submitted by the movant within ten (10) days of the objection deadline and no hearing will be held.

If an objection is timely filed, a <u>non-evidentiary hearing</u> will be held before the U.S. Bankruptcy Court, 500 State Avenue, Room 144, Kansas City, Kansas 66101, **July 13, 2023 at 1:46 pm.** or as soon thereafter as the Court's schedule permits. If you file an objection, you must appear at the hearing unless you have submitted an agreed order in advance signed by all parties or their counsel.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served on Thursday, June 01, 2023 by providing an electronic copy to United States Trustee, and either electronically or by U.S. Mail, first class postage prepaid to all parties of interest listed below.

Office of the United States Trustee via ECF Notice.

[See attached mailing matrix]

s/ Ryan A. Blay
Counsel for Debtor

| | | |
|---|---|---|
| In re: THE ONE BRIDAL, LLC | ) | Case No. 23-20604-RDB |
| Debtor and Debtor-in-Possession | ) | Chapter 11 (Voluntary), Subchapter V |

**AFFIDAVIT OF DISINTERESTEDNESS IN SUPPORT OF APPLICATION FOR EMPLOYMENT OF ATTORNEYS FOR DEBTOR AND PRELIMINARY APPROVAL OF FEE ARRANGEMENT**

| | |
|---|---|
| State of Kansas | ) |
| | ) ss. |
| County of Johnson | ) |

I, Jeffrey L. Wagoner, under oath and penalty of perjury hereby state the following:

1. I am an attorney and the President of the law firm, Wagoner Bankruptcy Group, P.C., d.b.a W M Law, located at: 15095 West 116th St., Olathe, Kansas 66062, who employs attorneys, Ryan A. Blay, Errin P. Stowell, Ryan M. Graham, Chelsea Williamson, as well as myself and other attorneys (hereinafter collectively "W M Law"), and who are all licensed to practice law before the before the United Stated Bankruptcy Court for the District of Kansas.

2. This Affidavit is submitted in connection with W M Law's foregoing Application for Employment as Counsel on behalf of the above-captioned Debtor and Debtor-in-Possession, The One Bridal, LLC (the "Debtor").

3. In preparing this Affidavit, I have reviewed and examined the Debtor's client records, business records, financial affairs, and have made a personal inquiry of the Debtor. To the best of my knowledge, I have determined that W M Law has no relevant connection to the Debtor, other than as Debtor's counsel, nor any relevant connection to the Debtor's creditors, any party of interest, their respective attorneys and/or accountant, the United States Trustee (the "UST"), or any persons employed by the UST. The exception to this was noted in Paragraph 6 of the Application.

4. WM Law was previously engaged to represent Russ Jones for a Chapter 7 bankruptcy filing. Russ Jones is the spouse of Ashley Jones, the sole member of the LLC. Mr. Jones is a co-debtor listed on a number of the Debtor's obligations. Mr. Jones never paid any fees to WM Law for filing a Chapter 7 bankruptcy petition. However, a bankruptcy petition was prepared. In order to ensure complete loyalty to the Debtor, WM Law has disengaged its services with Mr. Jones and has sent him a letter via e-mail to that effect, which Mr. Jones has acknowledged.

5. W M Law is not a creditor, an equity security holder or an insider of Debtor, and is not and was not a director, officer, or employee of the Debtor. W M Law does not have an interest materially adverse

to the interest of the bankruptcy estate, or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason.

6.  W M Law is a disinterested party as defined in 11 U.S.C. § 101(14).

7.  The Debtor has requested, and W M Law has agreed, to engage in the representation of the Debtor in this proceeding at hourly fees which commensurate their experience and the nature and complexity of this Case. The current hourly rates for the primary attorneys and paralegals who are anticipated to work on this Case are as follows:

| | |
|---|---|
| Attorney, Ryan A. Blay | $300.00 |
| Attorney, Jeffrey L. Wagoner | $300.00 |
| Attorney, Errin P. Stowell | $300.00 |
| Attorney, Ryan M. Graham | $300.00 |
| Attorney, Chelsea Williamson | $300.00 |
| Paralegal, Douglas Sisson | $125.00 |
| Paralegal, Ana Van Noy | $125.00 |
| Paralegal, Betsy Hayman | $125.00 |

W M Law will also require reimbursement for any reasonable and necessary out-of-pocket expenses it incurs during the pendency of this proceeding, which will be disclosed on future interim reports and fee applications, and subject to judicial approval of the same.

8.  To the best of my knowledge, after due inquiry, W M Law does not and has not represented any of Debtor's creditors, members, or any parties of interest in connection with this Chapter 11 Case and does not have any relationship with any such entity, attorneys, or accountants that would be adverse to the Debtor or the estate(s).

9.  In light of the foregoing, I believe that W M Law Firm does not hold or represent any interest materially adverse to the Debtor, the estate(s), creditors, or equity interest holders, as identified to W M Law, with respect to the matters in which W M Law will be engaged.

10.  Except as set forth herein, no promises have been received by W M Law or any partner, associate, or other professional thereof as to compensation in connection with this Case other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules for the United States Bankruptcy Court for the District of Kansas, and orders of this Court. WM Law is holding in trust any unbilled pre-petition retainer after application of earned pre-petition work and the Chapter 11 filing fee and agrees not to transfer these funds without approval of this Court.

2

11.     W M Law further states that it has not shared, nor agreed to share any compensation received in connection with this Case with another party or person, except as permitted by 11 U.S.C. § 504(b) and F.R.B.P. Rule 2016.

12.     The foregoing constitutes the statement of W M Law pursuant to 11 U.S.C. § 329 and § 504, and F.R.B.P. Rules 2014 and 2016(b).

I, the undersigned, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated: June 1, 2023

Jeffrey L. Wagoner, KS #17489
Attorney at Law & President
Wagoner Bankruptcy Group, P.C., d/b/a W M Law
15095 W. 116th St.
Olathe KS, 66062
JeffWagoner@wagonergroup.com

Sworn to before on me this ___1st___ day of ___June___, 2023

Douglas J.E. Sisson, Notary Public

My commission expires: ___1/23/2026___

NOTARY PUBLIC - State of Kansas
Douglas John-Edward Sisson
My Appt. Expires 1/23/2026