IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re: My Sister's Closet, LLC,

    Debtor.

Case No. 23-20604-11

_____

**U.S. Trustee's Objection to Debtor's
Third Amended Plan of Reorganization**
_____

Under 11 U.S.C. §§ 1129(a)(11), the United States Trustee objects to the debtor's third amended plan of reorganization.[1] The plan proposed fails to satisfy the feasibility requirement of the Bankruptcy Code.

If a proposed subchapter V plan meets all the confirmation requirements for non-small-business cases in § 1129(a), other than (15), then the court must confirm the plan.[2] Among the requirements in § 1129(a) is (11), which requires that the proposed plan be feasible. The proposed plan runs afoul of this provision and therefore cannot be confirmed.

---

[1] Doc. #60

[2] *See* 11 U.S.C. § 1191(a) ("The court shall confirm a plan under this subchapter only if all of the requirements of section 1129(a), other than paragraph (15) of that section, of this title are met.")

## Background

The Debtor is a retailer of women's clothing via its internet website and through brick-and-mortar stores located in Marysville and Manhattan, Kansas. On December 19, 2023, the Debtor filed its Third Amended Plan of Reorganization. In support of the plan, the Debtor attached certain cash flow projections as Exhibit E.[3]

The projections estimate net operating income of ($63,300) for year one <u>before</u> making the $33,751.90 in plan payments. For year five, the Debtor forecasts not operating income of $35,104— an amount which is insufficient to pay the $37,945 in plan payments. The Debtor does not explain how it intends to make up the $97,051.90[4] shortfall in year one or the $2,841.00[5] shortfall in year five.

The Debtor forecasts profits for years two, three, and four of the plan. This result is largely achieved through drastic cuts in administrative and operating expenses as well marketing/selling expenses. In particular, the Debtor projects administrative and

---

[3] Doc. #60 at 152.

[4] Computed as ($63,300) - $33,751.90.

[5] Computed as $35,104 - $37,945.

operating expenses of $48,000 in year one but reduces those expenses to $9,600 in years two through five of the plan. Similarly, the Debtor forecasts marketing/ selling expenses of $72,000 in year one but reduces those expenses to $4,800 in years two and three of the plan and $6,000 in years four and five of the plan. The Debtor does not explain how it intends to implement such drastic cuts, let alone how revenue would increase while marketing and selling expenses are slashed.

Finally, the projections contain arithmetic errors which make the Debtor appear more profitable in years two, three, and four. The Debtor purports to calculate its cost of goods sold as 50% of gross receipts. Therefore, year two's projected gross receipts of $428,400 should have a corresponding cost of goods sold of $214,200[6] rather than $195,840 as listed. Similarly, years three and four have projected gross sales of $441,252 and $454,490 respectively which should have corresponding costs of goods sold at $220,626[7] and $227,245[8] rather than $218,502 and $204,000.00 as listed.

---

[6] Computed as $428,400 x 0.5.
[7] Computed as $441,252 x 0.5.
[8] Computed as $454,490 x 0.5.

## Argument

Section 1129(a)(11) requires as a condition of confirmation that the Court find that confirmation "is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan."[9] In other words, it "requires a plan proponent to show that the plan is 'feasible.'"[10] A feasible plan "is not a guarantee of success but rather offers a reasonable assurance of success."[11]

The purpose is to prevent confirmation of visionary schemes promising creditors more under a proposed plan than the debtor can possibly attain after confirmation.[12] As another court in this district put it: "Hope is not a plan."[13]

---

[9] 11 U.S.C. § 1129(a)(11).

[10] *In re Haddad*, No. 21-20961, 2022 Bankr. LEXIS 2652 *13 (Bankr. D. Kan. Sept. 13, 2022) (Berger, J.), citing *FB Acquisition Prop. I, LLC v. Gentry (In re Gentry)*, 807 F.3d 1222, 1225 (10th Cir. 2015).

[11] *Id.*

[12] *In re Pikes Peak Water Co.*, 779 F.2d 1456, 1460 (10th Cir. 1985) (citation omitted).

[13] *In re 1 Ashbury Court Partners, L.L.C.*, No. 11-10131, 2011 Bankr. LEXIS 3922 at *24 (Bankr. D. Kan. Oct. 5, 2011) (Nugent, J.) (denying confirmation).

The debtor has the burden to show a proposed plan is feasible,[14] so when a debtor fails to carry its burden to provide evidence to support feasibility, the plan should not be confirmed.

For feasibility, the inquiry is on the viability of the reorganized debtor and its ability to meet its future obligations, both as provided for in the plan and as may be incurred in operations.[15] It demands careful scrutiny of the plan to determine whether it offers a reasonable prospect of success and is workable.[16] Feasibility determinations "must be firmly rooted in predictions based on objective fact."[17] A debtor's projections must be based upon evidence and not be speculative or unrealistic.[18] "Ordinarily in a Chapter 11 case, creditors and the Court can compare a plan's projections with the debtor's past performance and monthly operating reports to determine whether the projections are realistic, and thus whether the debtor's proposed Chapter 11 plan is feasible."[19]

---

[14] *F.H. Partners, L.P. v. Inv. Co. of the Southwest, Inc. (In re Inv. Co. of the Southwest, Inc.)*, 341 B.R. 298, 310 (B.A.P. 10th Cir. 2006) (reversing confirmation after finding insufficient support for feasibility).

[15] 7 *Collier on Bankruptcy* ¶ 1129.02[11] (16th ed. 2021).

[16] *In re Pikes Peak Water Co.*, 779 F.2d at 1460.

[17] *Inv. Co. of the Southwest*, 341 B.R. at 311 (quotations omitted).

[18] *Id.*

[19] *In re Haddad*, No. 21-20961, 2022 Bankr. LEXIS 2652 at *13-14.

The Debtor has not established that the plan is feasible and therefore the Court should decline to confirm the plan in its current form.

Respectfully submitted,

ILENE J. LASHINSKY,
UNITED STATES TRUSTEE

By: /s/ *John Nemecek*,
John Nemecek
Trial Attorney
Admitted in Michigan, P71371
Appearing under 28 U.S.C. § 515(a)
301 N. Main St., Suite 1150
Wichita, KS 67202
316-269-6216(phone)
John.Nemecek@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on January 4, 2024, a true and correct copy of this **Objection** was electronically filed with the Court using the CM/ECF system, which sends notification to all parties of interest participating in this case through the CM/ECF system.

*s/John Nemecek*
John Nemecek