**SO ORDERED.**

**SIGNED this 20th day of March, 2024.**



_____
Dale L. Somers
United States Chief Bankruptcy Judge
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE:   My Sister's Closet LLC            )        CASE NO.  23-20604-DLS11
              Debtor                                      )        CHAPTER 11 (Voluntary), Subchapter V

### ORDER CONFIRMING SUBCHAPTER V
### CHAPTER 11 PLAN OF REORGANIZATION

My Sister's Closet LLC., herein referred to as "Debtor," has proposed its Third Amended Subchapter V Chapter 11 Plan under Chapter 11 of the Bankruptcy Code on December 19, 2023, (Doc 60) (the "Plan").

A hearing to consider confirmation of the Plan was conducted on May 14, 2024 (the "Hearing"). The Debtor appeared in person by its counsel, Ryan A. Blay of WM Law and its principal, Rachael Bargdill.  John Nemecek on behalf of the United States Trustee's Office appeared telephonically.

A hearing was held with respect to confirmation. Rachael Bargdill testified in support of confirmation of the Debtor's Plan.  Mr. Nemecek announced that the supplements filed to the

Plan (Doc. #70) and the representations of the Subchapter V Trustee, Rob Messerli, resolved the United States Trustee's Objection to Confirmation of the Plan (Doc. #62). On the record, the Court announced that it would confirm the Plan under 11 U.S.C. § 1191(b).

## THE GENERAL REQUIREMENTS OF THE SUBCHAPTER V CHAPTER 11 PLAN HAVE BEEN MET

1. The Debtor is eligible for relief under Chapter 11 and the Plan filed by the Debtor, complies with the provisions of Chapter 11 and all other applicable provisions of Title 11 of the United States Code.

2. The Debtor certifies that the Chapter 11 Plan filed on December 19, 2023, the supplement to the Plan filed on March 7, 2024 and the notice of confirmation hearing were sent to all creditors, parties in interest and the Subchapter V Trustee. The sole objection to the Subchapter V Plan was filed by the United States Trustee's office and was withdrawn at the Hearing. One ballot accepting the Plan – from the Kansas Department of Revenue - was received, and no ballots rejecting the plan were received from any party.

3. The Plan and the proponent of the Plan comply with the applicable provisions of Title 11, and therefore the Plan complies with 11 U.S.C. §1129(a)(1) and (a)(2).

4. The Plan has been proposed in good faith and not by any means forbidden by law and therefore the Plan complies with 11 U.S.C. §1129(a)(3).

5. Any payment made or to be made by the proponent, by the debtor, or by a person issuing securities or acquiring property under the plan, for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable. Thus, the Plan complies with 11 U.S.C. §1129(a)(4).

6. The proponent of the plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the debtor, an affiliate of the debtor participating in a joint plan with the debtor, or a successor to the debtor under the plan; and
**(ii)**
the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy; and
**(B)**
the proponent of the plan has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider.

Therefore, the Plan complies with 11 U.S.C. §1129(a)(5).

7. 11 U.S.C. §§1129(a)(6), (a)(13), and (a)(14) and (a)(15) do not apply to this Plan.

8. With respect to each impaired class of claims or interests—
**(A)** each holder of a claim or interest of such class—

**(i)**
has accepted the plan; or
**(ii)**
will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under Chapter 7 of Title 11 on such date. Thus, the Plan complies with 11 U.S.C. §1129(a)(7).

9. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that—
**(A)**
with respect to a claim of a kind specified in section 507(a)(2) or 507(a)(3) of Title 11, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim;
**(B)** with respect to a class of claims of a kind specified in 11 U.S.C. §§507(a)(1), (a)(4), (a)(5), (a)(6), or (a)(7) of Title 11, , each holder of a claim of such class will receive—
**(i)**
if such class has accepted the plan, deferred cash payments of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or
**(ii)**
if such class has not accepted the plan, cash on the effective date of the plan equal to the allowed amount of such claim;

With respect to a claim of a kind specified in 11 U.S.C. §507(a)(8), the holder of such claim will receive on account of such claim regular installment payments in cash—
**(i)**
of a total value, as of the effective date of the plan, equal to the allowed amount of such claim;
**(ii)**
over a period ending not later than 5 years after the date of the order for relief under section 301, 302, or 303; and
**(iii)**
in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan (other than cash payments made to a class of creditors under 11 U.S.C. §1122(b); and
**(D)**
with respect to a secured claim which would otherwise meet the description of an unsecured claim of a governmental unit under section 507(a)(8), but for the secured status of that claim, the holder of that claim will receive on account of that claim, cash payments, in the same manner and over the same period, as prescribed in subparagraph (C).

Thus, the Plan complies with 11 U.S.C. §1129)(a)(9).

10. At least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider. Thus, the Plan complies with 11 U.S.C. §1129)(a)(10).

11. Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan. Thus, the Plan complies with 11 U.S.C. §1129(a)(11).

12. All fees payable under 28 U.S.C. §1930 as determined by the court at the hearing on confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the plan. Thus, the Plan complies with 11 U.S.C. §1129(a)(12). Because this is a case under Subchapter V, no quarterly fees to the United States Trustee have come due. Payment is not due to the Subchapter V trustee until he has filed an application for payment and the Court has approved the application.

13. All transfers of property under the plan shall be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust. Thus, the Plan complies with 11 U.S.C. §1129(a)(16).

14. The Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan. Thus, the Plan complies with 11 U.S.C. §1191(b) and may be confirmed, notwithstanding any failure to comply with 11 U.S.C. §§1129(a)(8), (a)(10), and/or (a)(15), none of which has been alleged.

15. The Plan complies with 11 U.S.C. §1191(c)(1), (2), and (3).

16. The Plan, as amended, should be confirmed subject to the clarified or modified treatment stated herein and hereby incorporated into and to be a part of the Plan, as follows:

(1) The Section of the Plan noted as Section 2.2(A), reading

> All fees required to be paid by 28 U.S.C. § 1930(a)(6)("United States Trustees Fees") will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Bankruptcy Code. Any United States Trustee Fees owed on the or before the Effective Date of the Plan will be paid on the Effective Date..

is hereby stricken as this is a case arising under Subchapter V and thus no such fees have come due.

(2) The Supplement filed by the Debtor as Doc. #70 is hereby incorporated into the Plan to be confirmed by this Order.

**NOW, THEREFORE, IT IS ORDERED the Debtor's Subchapter V Chapter 11 Plan, be and is hereby confirmed under 11 U.S.C. § 1191(b).**

**IT IS FURTHER ORDERED,** that confirmation shall bind the Debtor and each creditor, whether or not such creditor is provided for in the Plan.

**IT IS FURTHER ORDERED**, that except as provided in the Plan, all property of the estate is vested in the Debtor free and clear of all claims or interest of the creditors.

**IT IS FURTHER ORDERED**, that the Debtor shall be the disbursing agent for all payments made under this Plan.

###

Respectfully Drafted by:
WM Law

<u>s/ Ryan A. Blay</u>
Ryan A. Blay, KS Bar #28110,
15095 W. 116th St.
Olathe, KS 66062
Ph: 913-422-0909 / FAX: 913-428-8549
blay@wagonergroup.com
COUNSEL FOR DEBTOR


Approved by:

<u>/s/John Nemecek</u>, Office of the United States Trustee
301 N. Main St., Ste. 1150
Wichita, KS 67202

<u>/s/ Rob Messerli,</u> Subchapter V Trustee
6917 Tomahawk Road
P.O. Box 8686
Prairie Village, KS 66208-2618